IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| SHEILA F. HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05-00660 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the Court on cross-Motions for Judgment on the Pleadings (Doc. Nos. 10, 13.) and Plaintiff's Supplemental Motion for Judgment on the Pleadings or, in the Alternative, Remand. (Doc. No. 15.) Both parties have consented in writing to a decision by the United States Magistrate Judge. In her Supplemental Motion, Plaintiff points out that she was granted benefits in a subsequent application as of May 26, 2005, the day after the date of the ALJ's decision in the instant case. (Doc. No. 15.) She attaches to the Motion a copy of (1) the Social Security Administration's ("SSA") decision, dated March 3, 2006, and (2) an affidavit from her attorney, which lists the exhibits and medical records considered by the Agency in finding Plaintiff disabled as of May 26, 2005. Plaintiff requests that the District Court remand this case based upon this evidence. Having examined the record in this case, the Court hereby **GRANTS** Claimant's Supplemental Motion for Remand, **VACATES** the decision of the Commissioner, and **REMANDS** this case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings to determine whether the onset of Claimant's disability, as found in subsequent proceedings to have

occurred the day after the date of the ALJ's decision under review in this case, actually occurred within the time frame of this case, i.e., between August 24, 2000, and May 25, 2005.[1]

The Plaintiff, Sheila F. Hairston (hereinafter referred to as "Claimant"), filed an application for DIB on March 29, 2003 (protective filing date), alleging disability as of August 24, 2000, due to a lower back condition, borderline diabetes, high blood pressure, nerves, and poor vision. (Tr. at 56-59, 60, 68.) The claims were denied initially and upon reconsideration. (Tr. at 30-32, 36-37.) On November 22, 2004, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 38.) The hearing was held on March 30, 2005, before the Honorable R. Neely Owen. (Tr. at 164-90.) By decision dated May 25, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 16-24.) The ALJ's decision became the final decision of the Commissioner on July 29, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 4-8.) Claimant filed the present action seeking judicial review of the administrative decision on August 16, 2005, pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the

---

[1] Sentence six of 42 U.S.C. § 405(g) provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 19.) Under the second inquiry, the ALJ found that Claimant suffered from lumbosacral strain/sprain with degenerative changes, borderline diabetes mellitus, and obesity, which the ALJ regarded as severe impairments. (Tr. at 20.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 20.) The ALJ then found that Claimant had a residual functional capacity as follows:

> [T]o lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about 6 hours in an 8-hour workday, sit about 6 hours in and 8-hour workday, and unlimited ability to push and/or pull with the upper and lower extremities. She has occasional ability to climb, balance, stoop, kneel, crouch and crawl, and should avoid concentrated exposure to extreme cold and hazards such as heights.

(Tr. at 22.) At step four, the ALJ found that Claimant was able to return to her past relevant work as a file clerk and personal care coordinator. (Tr. at 23.) On this basis, benefits were denied. (Tr. at 23-24.)

Claimant's Background

Claimant was born on July 26, 1953, and was 51 years old at the time of the administrative hearing. (Tr. at 16, 56, 169.) Claimant had a ninth grade education. (Tr. at 16, 65, 169, 183.) In the past, Claimant worked as a cook, office clerk, and personal care coordinator. (Tr. at 16, 71, 171-72, 186-87.)

Motion for Remand

Claimant filed her Motion for Remand on March 9, 2006, in conjunction with her Supplemental Motion for Judgment on the Pleadings. (Doc. No. 15.) Attached to her Motion was a copy of the SSA's decision finding her disabled as of May 26, 2005. (Doc. No. 15, Exhibit A.) It is on this latter additional evidence that the Court finds Claimant's Motion for Remand meritorious.

Remand is appropriate for the Commissioner to consider the evidence underlying the SSA's decision finding Claimant disabled as of May 26, 2005, the day after the unfavorable ALJ decision at issue in the instant case. Apparently, after receiving the Appeals Council's July 29, 2005, decision denying review of the May 25, 2005, denial of benefits, Claimant applied a second time for DIB benefits. Claimant's alleged onset date in this second application was August 24, 2000, the same date which was alleged in her first application.

In a decision dated March 3, 2006, the SSA found Claimant disabled as of May 26, 2005, the day after the date of ALJ Owen's decision in the instant case finding Claimant not disabled. (Doc. No. 15, Exhibit A.) The SSA's decision gives no indication of the reasoning behind the decision. Clearly, however, as the Appeals Council's denial of request for review of the instant claim was dated July 29, 2005, the Appeals Council did not have the March 3, 2006, decision when it accepted ALJ Owen's May 25, 2006, decision.[2]

---

[2] In the instant case, Claimant's second application for benefits was filed on September 6, 2005, after the Appeals Council denied her request for review. (Doc. No. 15 at 1.) *See* 20 C.F.R. § 404.900(a)(5) (2002). That being the case, the Social Security Administration's December 30, 1999, Emergency Message-99147, which the Court has cited in ruling on cases similar to this one, did not specifically apply in the instant case. Its effect, however, seems to have applied, given that the SSA limited Claimant's favorable determination on the subsequent claim to the period beginning with the day after the date of the first ALJ decision. The Emergency Message reads as follows:

> 1. Effective immediately, when a prior claim is pending at the AC [Appeals Council], we will send: subsequent disability claims to the DDS [Disability Determination Services] for development and adjudication regardless of whether they are filed under the same or a different title than the prior claims pending at the AC. * * *
>
> 2. *The DDS will limit any favorable determination on the subsequent claim to the period beginning with the day after the date of the ALJ's decision. If a subsequent claim results in a favorable determination, including a later onset or closed period of disability determination, the determination will be effectuated with an onset date no earlier than the day after the ALJ decision on the prior claim. After effectuation of the determination, the subsequent claim will be sent to the AC to determine if it contains new and material evidence relating to the period that was before the ALJ*

Although not cited in this Claimant's Motion for Remand, other Claimants have pointed out that the Court has remanded cases in the past under similar circumstances, citing as a basis the Fourth Circuit's decision in <u>Lively v. Secretary of Health & Human Serv.</u>, 820 F.2d 1391 (4th Cir. 1987). On October 19, 1981, an Administrative Law Judge denied Mr. Lively's first application for disability benefits because he was found to be capable of light work and he had not reached the age of 55 and therefore did not qualify as a person of "advanced age" under the applicable Grids. Mr. Lively turned

---

*on the prior claim.*

3. If the DDS denies the subsequent claim at the initial level, the claimant may appeal the determination to the reconsideration level, and the DDS will process the claim normally.

4. *If the reconsideration determination is unfavorable, the claimant may appeal the determination to the hearing level. At that stage, the hearing office (HO) will defer action on the new request for hearing until the AC completes its action on the prior claim.*

(Emphasis added.) This policy statement respecting processing subsequent claims can be found at www.ssas.com. *See Adkins v. Barnhart*, 2003 WL 21105103 *3 (S.D.W.Va.); *Barrientoz v. Massanari*, 202 F.Supp.2d 577, 587 (W.D. Tex. 2002) ("The purpose of SSA-EM-99147 is to expedite the consideration of prior claims once a subsequent award of benefits is granted and the claimant maintains the evidence on which it was based relates to the time period for his prior claim.") In accordance with this policy, ALJs are compelled to find upon concluding that a claimant's second application should be granted that the date of onset of the claimant's disability was the day after the first ALJ issued his or her decision. *See also* SSA POMS SI 04040.025, 2002 WL 1879213 (SSA-POMS), specifying the procedure when a subsequent claim for SSI is filed. If there is a favorable decision on a subsequent application, the decision is to be faxed immediately to the AC. It is noted that "[t]he AC will consider the evidence on the subsequent application to determine whether there is new and material evidence relating to the prior claim." It is further noted that "the AC may also conclude that the favorable determination on the subsequent application was incorrect. In such cases, the AC may exercise the Agency's authority under existing regulations to reopen the subsequent allowance. The AC may vacate the ALJ decision on the prior claim, consolidate the prior and subsequent claims, and remand both to the ALJ for further proceedings, including a new decision."

55 years old on November 3, 1981, several weeks after the ALJ's decision. He appealed the ALJ's decision denying his application unsuccessfully through the District Court level. On December 14, 1983, about two years and two months after the ALJ issued the decision denying Mr. Lively's first application for disability benefits, Mr. Lively made a second application. Once again, an ALJ found Mr. Lively not disabled. The ALJ did not discuss the first decision that Mr. Lively could do light work but found that he "retained the functional capacity for the performance of work activity at any exertional level on and prior to December 31, 1981." Lively, 820 F.2d at 1392.[3] Mr. Lively appealed this decision without success through the District Court level, but the Fourth Circuit Court of Appeals reversed and remanded for entry of judgment in favor of Mr. Lively. The Court stated as follows:

> Congress has clearly provided by statute that res judicata prevents reappraisal of both the Secretary's findings and his decision in Social Security cases that have become final, 42 U.S.C. § 405(h), and the Courts have readily applied res judicata to prevent the Secretary from reaching an inconsistent result in a second proceeding based on evidence that has already been weighted in a claimant's favor in an earlier proceeding. Gavin v. Heckler, 811 F.2d 1195, 1200 (8th Cir. 1987). In the present case, it is true that the prior administrative proceeding did not result in a decision favorable to the appellant. Thus, Gavin is not strictly controlling. The statute upon which Gavin rests, though, 42 U.S.C. § 405(h), gives finality to findings, as well as decisions, made in previous proceedings between the parties.

Id. (Emphasis in decision.) The Court concluded as follows:

> The first ALJ found in 1981, that plaintiff was limited to light work, and the Secretary successfully defended that finding on judicial review. Some two weeks after appellant was found limited to light work, he became 55 years of age. It is utterly inconceivable that his condition had so improved in two weeks as to enable him to perform medium work. Principles of finality and fundamental fairness, drawn from 405(h) as discussed above, indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition improved sufficiently to indicate that the claimant was capable of performing medium work. *Cf.* Dotson v. Schweiker, 719 F.2d 80 (4th Cir. 1983). Certainly, there was no evidence of any such miraculous improvement, and, as Gavin

---

[3] The ALJ apparently concluded, without regard for the ALJ's prior finding that Mr. Lively was capable of light work, that he was capable of medium work and hence not disabled. *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 2 and Table No. 3.

> makes clear, 811 F.2d at 1200, such evidence, not considered in the earlier proceeding, would be needed to sustain a finding contrary to the final earlier finding.

Id. The Court concluded that "[b]ecause the appellant was limited to light work when he attained 55 years of age, he was entitled to benefits on his second application therefor." *Id.*

In Albright v. Commissioner of Social Sec. Admin., 174 F.3d 473 (4th Cir. 1999)(King, Circuit Judge), the Fourth Circuit distinguished Lively. Mr. Albright filed applications for DIB and SSI on April 17, 1991, claiming onset of disability on March 31, 1990. Id. at 474. By Decision dated May 28, 1992, an ALJ concluded that Mr. Albright was not entitled to benefits because he was able "to perform a full range of work at all exertional levels without any identifiable functional limitations of any sort[.]" Id., at 474 n. 1. Mr. Albright did not appeal. Rather, he filed again for DIB and SSI in November and December, 1992.[4] On October 26, 1994, an ALJ again denied Mr. Albright's applications without evaluating his physical condition on the basis of Social Security Acquiescence Ruling 94-2(4) modeled after the Fourth Circuit's decision in Lively.[5] The Ruling required that an ALJ

---

[4] In his second applications, Mr. Albright sought benefits, as he had in his first applications, for the period from March 31, 1990, through May 28, 1992, the date of the ALJ's Decision denying his first applications. In considering Mr. Albright's second applications, the ALJ dismissed his claims for this period, and the Fourth Circuit regarded the dismissal entirely proper. *Albright*, 174 F.3d at 476 n. 4. The decision upon his first applications had become final.

[5] After the Fourth Circuit's decision in *Albright*, the Social Security Administration issued Acquiescence Ruling 00-1(4). In view of *Albright*, the Social Security Administration resolved as follows:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period

8

adopt the findings of an ALJ in consideration of a prior application which was finally adjudicated "in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding." Id., at 474 -75. In consideration of Mr. Albright's further applications, the ALJ concluded that the Ruling required the denial of benefits because there was no new and material evidence regarding the severity of the alleged impairment. Id., at 475. Mr. Albright appealed, and the District Court granted his Motion for Summary Judgment and remanded his claim for *de novo* consideration finding that Social Security Acquiescence Ruling 94-2(4) interpreted Lively too broadly. Id. The Fourth Circuit affirmed stating as follows:

> Rather than signaling a sea change in the law of preclusion, the result in Lively is instead best understood as a practical illustration of the substantial evidence rule. In other words, we determined that the finding of a qualified and disinterested tribunal that Lively was capable of performing only light work as of a certain date was such an important and probative fact as to render the subsequent finding to the contrary unsupported by substantial evidence. To have held otherwise would have thwarted the legitimate expectations of claimants – and, indeed, society at large – that final agency adjudications should carry considerable weight. Even more importantly, judicial ratification of the SSA's "bait-and -switch" approach to resolving Lively's claim

---

previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

> Where the prior finding was about a fact which is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases. An adjudicator should give greater weight to such a prior finding when the previously adjudicated period is close in time to the period being adjudicated in the subsequent claim, e.g., a few weeks as in Lively. An adjudicator generally should give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote, e.g., where the relevant time period exceeds three years as in Albright. In determining the weight to be given such a prior finding, an adjudicator must consider all relevant facts and circumstances on a case-by-case basis.

would have produced a result reasonably perceived as unjust and fundamentally unfair. Id., at 477-78 (Footnotes omitted.). See also Drummond v. Commissioner of Social Sec., 126 F. 3d 837, 841-42 (6th Cir. 1997), discussing and relying upon Lively to conclude that "[j]ust as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner."

## ANALYSIS

Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" The Fourth Circuit has stated that "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Services, 953 F.2d 93, 96 (4th Cir. 1991)(*en banc*). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir. 1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971).

The undersigned finds that the SSA decision finding disability commencing on the day after ALJ Owen pronounced that Claimant was not disabled is new and material evidence. The Administration reached its decision in the adjudication of Claimant's second application. The finding that Claimant was disabled the day after Judge Owen issued his decision begs the question whether Claimant was actually disabled during the period of time relevant to ALJ Owen's consideration of Claimant's first application. Counsel for Claimant points out in her Affidavit that she provided the

10

SSA only a copy of the unfavorable hearing decision. (Doc. No. 15, Exhibit B.) She states that the SSA obtained a report from Dr. Robert P. Kropac in reference to an examination on February 17, 2005, which was included in the record of the first claim, updated treatment notes from Tug River Health Association, a consultative report from Dr. Roberto Dumapit, Jr., and a consultative psychological report from William Steinhoff. (Id.) These reports were cited in the SSA's March 3, 2006, decision. (Doc. No. 15, Exhibit A.) Thus, at least some of the evidence was the same evidence considered by Judge Owen in Claimant's first application. This is often true in cases of this nature, where benefits are awarded on a second application with an onset date of one day or a few days after the date of a first ALJ decision denying benefits. See Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D. W.Va. 2006)(Copenhaver, D.J.); Reichard v. Barnhart, 285 F.Supp.2d 728 (S.D.W.Va. Sept. 29, 2003) (VanDervort, M.J.). This Court has remanded several cases with this factual scenario. See, e.g. Reichard, 285 F.Supp.2d 728.

Although the bulk of the new evidence considered in the second application is dated after the date of Judge Owen's decision, the evidence is likely a continuation of Claimant's medical evidence with regard to the same medical conditions. Simply in consideration of SSA's finding that Claimant became disabled on the day after ALJ Owen issued his decision, the undersigned finds that there is a reasonable possibility that the evidence considered by the Administration in reaching the decision on the second application might well have changed the outcome in this case as it was before ALJ Owen. It is not in any way evident from the current record in this case how Claimant became disabled the day after ALJ Owen's decision. Accordingly, this case must be remanded in order that the SSA decision on the second application and the documents upon which it relied can be examined to determine if modification of ALJ Owen's decision is in order in this case.

In consideration of the authorities addressed by the Court and cited by parties in other such

cases for and against remand, the undersigned finds that this case is clearly factually and procedurally quite different from Lively and Albright. In this case, the ALJ's decision was favorable upon Claimant's second DIB application, not the first as in Lively. The SSA decision upon the Claimant's second application is final in this case whereas in Lively the later decision was not.[6] ALJ Owen's decision upon Claimant's first application is obviously still subject to review and therefore not final. This case is therefore the photographic negative of Lively. Thus, the undersigned finds that Lively and Albright are plainly distinguishable.

This notwithstanding, the undersigned finds the logic of Lively as it was explained by the Court in Albright generally compelling. Final decisions of Administrative Law Judges based upon substantial evidence must receive full consideration and be assigned weight as may be appropriate in view of the circumstances under which they are issued. Thus, *res judicata* applies to findings and decisions on the merits which become final as a consequence of a claimant's exhaustion of or failure to pursue administrative or judicial review after notice of an adverse decision. Grose v. Cohen, 406 F.2d 823, 824 (4th Cir. 1969)(Referring to the Social Security Act and Regulations, the Court stated that "[o]rdinarily an administrative decision becomes final unless a civil action is filed in district court within 60 days.")[7] In Lively, for example, the finding in the first and final decision of the ALJ that Mr.

---

[6] The Court notes that the SSA's March 3, 2006, decision states that a decision remains to be made about whether Claimant meets the non-medical requirements. (Doc. No. 15, Exhibit A.) Nevertheless, the SSA's finding of disability is final.

[7] The Court in *Grose v. Cohen*, 406 F.2d at 825, found in view of Social Security Regulations pertaining to reopening final decisions, now 20 C.F.R. §§ 404.987 - 404.989, that "[t]he regulations recognize that it is undesirable to attribute finality to every administrative decision." The Fourth Circuit stated further as follows:

> While the regulation is couched in terms of reopening a decision otherwise final, it also serves to identify decisions that should not be interposed to deny subsequent applications. A decision that is subject to being reopened provides an inappropriate

Lively was capable of sedentary work took precedence. In this case, ALJ Owen's unfavorable decision upon Claimant's first application cannot because it is still under review. The favorable decision of the Administration upon Claimant's second applications does have precedential value, however, but only by its terms beginning May 26, 2005, the day after ALJ Owen issued his decision upon Claimant's first application.

Thus, the SSA's later decision that Claimant was disabled beginning the very next day on May 26, 2005, is a final decision with respect to a finding of disability. There is and can be no question therefore that Claimant was disabled on May 26, 2005, and the question whether Claimant was disabled on May 25, 2005, remains open. The SSA's final decision including the evidence considered is cognizable as evidence related and material to the question whether Claimant was disabled at any

---

> bar. The dictates of equity and fundamental fairness that allow a decision containing error on the face of the evidence to be reopened preclude use of the same decision as a foundation for res judicata.

*Id.* (Footnote omitted.); *See also Leviner v. Richardson*, 443 F.2d at 1343 ("A prior administrative determination should not . . . be res judicata where new and material evidence is offered which is of sufficient weight that it may result in a different determination.") The current Regulations are quite similar to those considered by the Court in *Grose*. 20 C.F.R. § 404.988(a) and (b) provide as follows:

> A determination, revised determination, decision, or revised decision may be reopened –
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in §404.989, to reopen the case[.]

20 C.F.R. § 404.989(a)(3) provides that "[w]e will find that there is good cause to reopen a determination or decision if – * * * (3) The evidence that was considered in making the determination clearly shows on its face that an error was made." It is also noteworthy that these days many cases remain before the Appeals Council for more than twelve months. Nothing prohibits claimants from attempting to reopen decisions while they are pending in the Appeals Council. Further, nothing prohibits claimants from filing subsequent applications while adverse rulings are pending review in the Appeals Council.

13

time during the period covered by ALJ Owen's decision.[8] The new evidence relates to the prior time period because of its continuity and its possible bearing upon whether Claimant was disabled on or before May 26, 2005.

Accordingly, for the reasons set forth in this Memorandum Opinion and by Judgment Order entered this day, the Plaintiff's Supplemental Motion for Remand is **GRANTED**, the final decision of the Commissioner is **VACATED**, and this matter is **REMANDED** to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the SSA decision and evidence upon which it relied to determine whether the onset of Claimant's disability as found in subsequent proceedings to have occurred the day after the date of the ALJ's decision under review in this case actually occurred within the time frame of this case, i.e., between August 24, 2000, and May 25, 2005, and **DISMISS** this matter from the Court's docket.[9] Because the Court remands this case pursuant to sentence six of 42 U.S.C. § 405(g), the Court "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). The Court retains jurisdiction over the case. In view of these circumstances, the

---

[8] The undersigned recognizes that by virtue of occurrences such as accidents or the onset of further severe medical and/or psychological conditions after ALJ decisions upon claimants' first applications, subsequent applications will quite naturally result in disability onset dates sometime thereafter as well. When, on the other hand, disability is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications without such occurrences, the disability onset date might reasonably be sometime prior to the ALJ's decision respecting the prior applications in view of a subsequent finding of disability. *See Howard v. Apfel*, 17 F.Supp.2d 955, 971-72 (W.D.Mo. 1998)("[B]ecause ALJ . . . found plaintiff disabled as of the day after the denial on reconsideration of her first application . . . and the evidence in the record establishes that plaintiff's condition was substantially the same in 1991 as it was in 1993, remand is not warranted and plaintiff is entitled to an award of benefits covering the period [from the date of onset of disability as stated by plaintiff in her initial application through the date of denial of her first application on reconsideration].")

[9] Because it has been determined that this case should be remanded, it is unnecessary to consider the cross-Motions for Judgment on the Pleadings.

undersigned hereby directs that the Clerk of the Court to close the case statistically noting that this case is to be reopened statistically when Defendant files an Answer or other pleading responsive to Plaintiff's Complaint along with a transcript of the administrative proceedings.

    ENTER: April 17, 2008.

                                           R. Clarke VanDervort
                                           United States Magistrate Judge